UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **3G REALTY LLC** | * | **CIVIL ACTION:** |
| | * | |
| **VERSUS** | * | **JUDGE:** |
| | * | |
| **SAFEPOINT INSURANCE COMPANY** | * | |
| | * | **MAG:** |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## COMPLAINT AND NOTICE OF REMOVAL

**NOW INTO COURT**, through undersigned counsel, comes Defendant, Safepoint Insurance Company, who respectfully states:

1.

This action has been brought in the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, by the service of a Petition for Damages and a Citation on this Defendant.[1] The action brought in the 19th Judicial District Court for the Parish of East Baton Rouge bears the Docket Number 737203, Division "M", Section "27", and is entitled, "3G Realty LLC versus Safepoint Insurance Company."

---

[1] *See* Plaintiff's Petition for Damages, attached hereto as Exhibit 1.

2.

This action is a civil action brought by the Plaintiff seeking to recover for alleged property damage from Hurricane Ida on or about August 29, 2021, at the insured property located at 4645 Alvin Dark Avenue, Baton Rouge, Louisiana 70820.[2]

3.

This Court has diversity jurisdiction over this matter under 28 U.S.C. § 1332. This action involves a controversy that is wholly between citizens of different states. Plaintiff is alleged to be a Louisiana limited liability company authorized to do and doing business in the State of Louisiana.[3] The members of the corporate-Plaintiff, Michelle Baker Jordan and Gregory Jordan, are domiciled in the Parish of Orleans, State of Louisiana.[4] Citizenship of a limited liability company for purposes of diversity jurisdiction is determined based on the citizenship of each member of the limited liability company.[5] Here, each of the corporate-Plaintiff's members is a natural person and citizen of Louisiana. Accordingly, Plaintiff is a citizen of Louisiana. Defendant, Safepoint Insurance Company, is a corporation incorporated in and domiciled in the state of

---

[2] *See* Plaintiff's Petition for Damages, attached hereto as Exhibit 1.
[3] See Plaintiff's Petition for Damages, Paragraph 1, attached hereto as Exhibit 1.
[4] See Louisiana Secretary of State Business Filings for 3G Realty, LLC, attached hereto as Exhibit 2. (Safepoint Insurance Company's policy reflects that the mailing address of 55 Flamingo Street, New Orleans, Louisiana 70124, is the same address listed
[5] *Meridan Chems., LLC v. Torque Logistics, LLC*, 18-2 (M.D. La. January 11, 2018), 2018 U.S. Dist. LEXIS 5208, *4 ("The Fifth Circuit has held that for purposes of diversity, the citizenship of a limited liability company is determined by considering the citizenship of all its members." ((citing *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008)). "Thus, to properly allege the citizenship of a limited liability company, a party must identify each of the members of the limited liability company and the citizenship of each member in accordance with the requirements of 28 U.S.C. § 1332(a) and (c)." ((citing *Turner Bros. Crane & Rigging, LLC v. Kingboard Chem. Holding Ltd.*, Civ. A. No. 06-88-A, 2007 U.S. Dist. LEXIS 102657, 2007 WL 2848154, at *4 (M.D. La. Sept. 24, 2007))).

2

Florida, with its principal place of business in Temple Terrace, Florida.[6] Safepoint Insurance Company is a citizen of Florida. Accordingly, this Court has diversity jurisdiction over this matter under 28 U.S.C. § 1332.

4.

Safepoint Insurance Company issued a policy of homeowner's insurance to Plaintiff, bearing Policy No. SLAD1167359-04. This suit arises out of a disputed insurance claim, and Plaintiff alleges coverage under the Safepoint Insurance Company policy.

5.

Plaintiff's Petition is silent as to the amount in controversy and does not state that there is a lack of jurisdiction in the United States District Court, as required under Louisiana Code of Civil Procedure article 893, if federal court jurisdiction is lacking due to insufficiency of damages.

6.

A defendant shows, by preponderance of the evidence, that the jurisdictional amount provided by 28 U.S.C. 1332 is met in either of two ways: (1) when it is "facially apparent" from a reading of the complaint that the plaintiff's claims exceed $75,000.00 or (2) when a defendant can show through supporting, summary judgement-type evidence that the plaintiff's claims are likely to exceed $75,000.00.[7]

---

[6] *See* "Details for Safepoint Insurance Company" from the Louisiana Department of Insurance website, attached hereto as Exhibit 3.
[7] *Smith et al. v. Domilise et al.*, 21-1409 (E.D. La. 2021), 2021 WL 4707571, *3; *Riley v. Wal-Mart Louisiana, LLC*, 15-5729, 2015 WL 9268160 (E.D. La. 12/21/15); *Dautriel, et al v. Colgan Air Inc., et al*, 07-CV-1735, 2008 WL 652149 (W.D. La. 1/15/08); *Davis v. State Farm Fire & Cas. Co.*, 06-560, 2006 WL 1581272 (E.D. La. 6/7/06).

7.

Removal is proper under 28 U.S.C. § 1446(c)(2) because a preponderance of the evidence supports that the amount in controversy as alleged in the Petition exceeds the requisite $75,000.00, exclusive of interest and costs, at the time of filing of this Complaint and Notice of Removal. Plaintiff seeks alleged damages including but not limited to: property damages; loss of contents; loss of use and enjoyment of property; additional living expenses; repair and remediation expenses; diminution of value of property; recoverable depreciation; and penalties under Louisiana Revised Statutes § 22:1892 and § 22:1973.[8] Among other incidental coverage limits, the coverage limits under Policy No. SLAD1167435-04 are as follows:

| | | |
|---|---|---|
| Coverage A | Dwelling | $171,000 |
| Coverage B | Other Structures | $17,100 |
| Coverage C | Personal Property | $3,400 |
| Coverage D | Fair Rental Value | $17,100 |

Accordingly, based on the allegations of damage in the Petition and the coverage limits stated above, Plaintiff is clearly seeking an amount in excess of $75,000.00, exclusive of interests and costs, which is sufficient to satisfy the amount in controversy requirement under 28 U.S.C. § 1446(c)(2).

8.

Additionally, since the Petition is silent as to an amount of controversy, in an effort to determine whether the amount in controversy exceeded the requisite $75,000.00 jurisdictional

---

[8] *See* Plaintiff's Petition for Damages, Paragraphs 11 and 14, attached hereto as Exhibit 1.

amount in controversy, Defendant specifically presented to Plaintiff a damage stipulation that the Plaintiff's alleged damages were less than $75,000.00, exclusive of interest and court costs, and Plaintiff refused to sign.[9] This Circuit has previously "suggested that failure to stipulate that the amount in controversy is below $75,000.00 is evidence that the amount in controversy is in excess of the requisite amount."[10] Plaintiff's refusal to sign a damage stipulation clearly demonstrates that Plaintiff is seeking an amount in excess of $75,000.00, sufficient to satisfy the amount in controversy requirement.

9.

Pursuant to the provisions of 28 U.S.C § 1441, *et seq.*, this case has been removed to the United States District Court for the Middle District of Louisiana.

10.

Defendant timely brings this removal within thirty (30) days after confirming that diversity jurisdiction existed by Plaintiff's refusal to sign the damage stipulation, wherein the requisite jurisdictional amount and citizenship diversity of the Parties was discovered and made known. Plaintiff received the damage stipulation on September 19, 2023, and has refused to sign same. As Defendant has now been made aware of the requisite jurisdictional amount in controversy after Plaintiff's refusal to sign the damage stipulation first sent on September 19, 2023, Defendant's

---

[9] *See* Letter dated September 19, 2023, attached hereto as Exhibit 4; *see also* Damage Stipulation ("49303 Stipulation"), attached hereto as Exhibit 5. Plaintiff did not sign the Damage Stipulation.
[10] *Broadway v. Wal-Mart Stores, Inc.*, 2000 U.S. Dist. LEXIS 15632 (E.D. La. Oct. 18, 2000) citing to *Reid v. Delta Gas*, 837 F. Supp. 751 (M.D. La. 1993).

5

first notice of this Honorable Court's proper jurisdiction was less than thirty (30) days prior to the filing of this Complaint and Notice of Removal.[11]

11.

Moreover, this Complaint and Notice of Removal is being filed less than one year after Plaintiff's filing of the Petition for Damages. The underlying lawsuit was filed into the record of the 19th Judicial District Court for the Parish of East Baton Rouge on August 7, 2023, so removal is timely in accordance with 28 U.S.C § 1146 (b).

12.

Simultaneous with the filing of this Complaint and Notice of Removal, written notice of removal is being given to all adverse Parties and a copy of the Complaint and Notice of Removal will be filed with the Clerk of Court for the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, to effect a removal of the civil action to this Honorable Court, as provided by law.

**WHEREFORE**, Defendant, Safepoint Insurance Company, respectfully prays that this Complaint and Notice of Removal be accepted as good and sufficient, that the aforesaid civil action be removed from the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, to this Honorable Court for trial and a determination as provided by law, and that this Court enter such orders and issue such process as may be proper to bring before it copies of all

---

[11] 28 U.S.C § 1146 (b)(3). *See Williams v. Brand Energy & Infrastructure Servs.*, 16-00120 (M.D. LA. 6/9/2016); 2016 U.S. Dist. LEXIS 95219; *see also Livingston Parish Gravity Drainage Dist. No. 1 v. Wetland Equip. Co.*, 15-68 (M.D. LA. 4/28/2015) 2015 U.S. Dist. LEXIS 74982.

6

records and proceedings of such civil action from the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, and there upon proceed with this civil action as if it had been originally commenced in this Court.

Respectfully submitted,

**LAW OFFICES OF JASON P. FOOTE, LLC**

By: */s/ Jason P. Foote*
**JASON P. FOOTE (#25050)**
**DEVIN CABONI-QUINN (#35447)**
**KALEIGH K. ROONEY (#40034)**
2821 Richland Avenue, Suite 202
Metairie, Louisiana 70002
Telephone: 504-324-8585
Facsimile: 504-324-8496
Email: jfoote@footelawoffices.com;
dcaboni@footelawoffices.com;
krooney@footelawoffices.com
***Attorneys for Safepoint Insurance Company***

## CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of September, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system and I served a copy of the foregoing pleading on all counsel for all parties, via the CM/ECF system and/or mailing same by United States Mail, properly addressed, and first class postage prepaid, to all counsel of record in this matter.

                                                                 _/s/ Jason P. Foote_
                                                                **JASON P. FOOTE**